**Patrice POTTER et al., Plaintiffs,**

v.

**Fob JAMES et al., Defendants.**

**Civ. A. No. 80–154–N.**

United States District Court,
M. D. Alabama, N. D.

Sept. 30, 1980.

Lawrence F. Gardella, Micki B. Stiller, Legal Services Corp. of Ala., Montgomery, Ala., and Charles G. Spradling, Jr., Legal Services of North–Central Alabama, Huntsville, Ala., for plaintiffs Potter, Cheesebrew, Lacey etc., William Tellis and Judie Jones and Jessie Williams.

Barry E. Teague, U. S. Atty., Kenneth Vines, Asst. U. S. Atty., Montgomery, Ala., for Federal plaintiffs Harris and Smyth.

Marie Y. Janiewski, National Senior Citizens Law Center, Los Angeles, Cal., for amicus.

Ira DeMent, Special Counsel to Gov. James, Charles A. Graddick, Atty. Gen., Elizabeth N. Petree, Asst. Atty. Gen., Montgomery, Ala., for defendant James.

Herman H. Hamilton, Jr., Sp. Asst. Atty. Gen., Shapard D. Ashley, Counsel, Montgomery, Ala., for defendant Kerns.

## MEMORANDUM OPINION

HOBBS, District Judge.

In the 1980 Regular Session, The Alabama Legislature passed Act No. 80–126 and Act No. 80–155 which apply to Medicaid recipients. A class action was filed in this cause on behalf of all individuals in the State of Alabama who are eligible for Medicaid benefits seeking declaratory and injunctive relief with respect to implementation of said Acts. Plaintiffs allege that these Acts violate the Social Security Act of 1965, 42 U.S.C. § 1396 et seq. and certain regulations promulgated thereunder. In addition, plaintiffs contend that implementation of said Acts would violate their rights under the Fifth and Fourteenth Amendments of the United States Constitution. Although originally brought as a class action, the named plaintiffs have withdrawn their request to proceed as a class action, recognizing that the relief sought, if awarded, will adequately and completely benefit all members of the class.

Jurisdiction of this Court is founded on an actual controversy under 28 U.S.C. §§ 1331, 1343(3) and (4), within the context of 28 U.S.C. § 2201. The Court, pursuant to 28 U.S.C. § 2202, also has jurisdiction to award further necessary or proper relief.

*Act No. 80–126*

Act No. 80–126 requires Medicaid eligible persons in Alabama to pay a $2.00 co–payment for medical services provided by physicians or other medical practitioners, to be collected by the provider of such services and credited against the Medicaid payment to the provider for such services. Plaintiffs filed a petition for a temporary restraining order to halt the implementation of said Act, and this Court through Judge James Hancock issued the requested temporary restraining order on April 9, 1980. Thereafter, this Court on April 24, 1980, after a hearing at which all parties were represented, issued a preliminary injunction enjoining the defendants from implementing or executing in any manner said Act No. 80–126. This Court now makes permanent its injunction as to Act No. 80–126.

*Basis for Enjoining Enforcement of Act No. 80–126*

42 U.S.C. § 1396a(a)(14)(A)(i) specifically states that "no deduction, cost–sharing, or similar charge" may be imposed on categorically needy Medicaid recipients under a state Medicaid plan for any of the "mandatory" services described in clauses (1) through (5) and (7) of 42 U.S.C. § 1396d(a). Clause (5) in § 1396d(a) refers to physicians' services.

HEW promulgated 42 CFR § 447.53(a)(1) to implement § 1396(a)(14)(A)(i). This regulation provides that a state Medicaid agency may not impose any co–payment or similar charge upon categorically needy individuals for various medical services including physicians' services.

This Court speaking through Judge Frank M. Johnson, Jr. enjoined the enforcement of a similar Alabama statute in *Moody v. Holzworth*, Civil Action No. 76–349–N. That statute imposed a co–payment requirement of $1.00.

▮▮▮ This Court is sympathetic with the struggles of the Governor and the Legislature of Alabama to find the funds to meet the soaring costs of paying the State's share of the expense of Medicaid. But as this Court stated in *Alabama Nursing Home Asso. v. Califano*, 433 F.Supp. 1325 (1977), speaking through Judge Johnson:

> There is no provision, express or implied, in the Social Security Act permitting a state to alter federal standards to suit its budgetary needs. State participation in Social Security Act programs is voluntary, and the state may withdraw if it wishes. But as long as it remains in a program and accepts federal funds, it must follow the federal statutes. *Rosado v. Wyman, supra.* ·If a state could evade the requirements of the Act simply by failing to appropriate sufficient funds to meet them, it could rewrite the congressionally imposed standards at will. The conditions which Congress has laid down for state participation in Medicaid and other programs would be utterly meaningless. That obviously is not the case. Consequently, Alabama must meet the

statutory requirements so long as it remains in the Medicaid Program, regardless of budgetary considerations.

▮▮ The co–payment system which defendants seek to implement would require categorically needy Medicaid recipients to make a $2.00 co–payment for medical services rendered by a physician or other medical practitioner. Because Act No. 80–126, passed by the 1980 Regular Session of the Alabama Legislature, is in direct and clear violation of federal requirements, defendants must be enjoined from taking any actions to implement it.

*Act No. 80–155*

Act No. 80–155 seeks to raise the co–payment fees which Medicaid recipients may be required to pay for prescription drugs.

Under Alabama law prior to Act No. 80–155, no Medicaid recipient was required to pay more than $.50 by way of a "co–payment" on prescription drugs regardless of the cost of the drugs. Act No. 80–155 altered this to provide: "Medicaid eligible persons shall pay the maximum allowable co–payment under federal law or administrative regulation for each prescription drug received under the Medicaid program, except for designated exemptions." Under applicable federal regulations, the maximum co–payment allowed is $.50 for a drug which costs $10.99 or less, $1.00 on a drug which costs $11.00 to $25.99, $2.00 on a drug which costs $26.00 to $50.99, $3.00 on a drug which costs $51.00 or more. Although this co–payment schedule is one expressly authorized under federal regulations, plaintiffs pray for an injunction to enjoin the enforcement of Act No. 80–155, contending that Act No. 80–155 violates federal law and the regulations promulgated thereunder on multiple grounds.

*Personal Needs Allowance Challenge*

First, plaintiffs challenge Act No. 80–155 or its proposed implementation because the Alabama Medical Services Administration proposes to require Alabama Medicaid recipients in nursing homes to make these co–payments for drugs even if the only

money available to such recipients is the $25 per month set aside to such recipients as a "personal needs allowance." Plaintiffs contend that federal regulations forbid the invasion of the patients' "personal needs" allowance for co–payments for prescription drugs.

Defendants concede that the federal government may impose the terms and conditions upon which its money allotments to the State shall be made, and any State law or regulation inconsistent with such federal terms and conditions is to that extent invalid. *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); *Alabama Nursing Home Asso. v. Califano, supra.* The Court must examine, therefore, the federal statute and regulations to determine whether they forbid any state from making nursing home recipients pay to the extent of any co–payment for prescription drugs from the "personal needs" allowance.

All medical recipients in Alabama living in nursing homes are required by law as a condition to receiving nursing home care to contribute their income to be applied to their needed care. Federal law commands, however, that if a state is to qualify for federal funds for its program that a minimum of $25.00 per month shall be set aside for the "personal needs" of the recipient.[1] 42 CFR § 435.725(c). This regulation describes the sum to be set aside as a "personal needs allowance that is reasonable in amount for clothing and other personal needs of the individual while in the institution."

■ Plaintiffs in their brief and the amicus in its brief argue that the minimum set in 1972 by the federal Medicaid regulations of $25.00 per month is totally inadequate in 1980 and is inconsistent with the quoted language from the regulations which require a personal needs allowance that is "reasonable in amount." Many other states have a substantially higher "personal needs" allowance than the minimum of $25.00 per month. The Court is aware of

the cruel impact of inflation on those compelled to rely on a fixed sum which was set many years ago, but this Court is of the opinion that Congress or those charged with administering the Medicaid program and not the courts must prescribe the minimum monthly personal needs allowance.

This Court finds, however, that the proposed action of the defendants to require nursing home recipients to invade the minimum monthly allowance of $25.00 to pay any part of the cost of prescription drugs is in violation of federal regulations, and Alabama may not, consistent with the federal requirements, invade the "personal needs" allowance of nursing home patients to pay part of the cost of their prescription drugs.

■ Federal regulations not only state positively that the personal needs allowance is "for clothing and other personal needs" of the recipient; § 435.725(c)(4) expressly states that in addition to "the personal needs allowance," the recipient shall have protected from the sum paid over to the institution, amounts for incurred expenses for medical or remedial care. A prescription drug is an expense incurred for medical care. In *DeFreese v. United States*, 270 F.2d 730, 734 (5th Cir. 1959), the court considered the nature of a prescription drug and stated: "A prescription, by strict definition, is a physician's written order to a pharmacist for medicinal substances for a patient . . . It is a summary of the physician's diagnosis, prognosis, and treatment of the patient's illness."

Thus, a literal reading of the regulations indicates that the personal needs allowance cannot be invaded for a doctor's prescription of a drug used in treatment of the patient's illness.

■ In construing the regulations, this Court is not limited to the bare words of the regulation. The Department of Health and Human Services, the agency charged with administering the Social Security program, has published the Medical Assistance

---

1. Under certain circumstances additional deductions for the benefit of the recipient or his or her family must be set aside from the sum

paid over to the nursing home, but this is not involved in this case.

Manual to interpret its own regulations. The Medical Assistance Manual in discussing the personal needs allowance states:

Such amounts [the personal needs allowance] must be reasonable; i. e., sufficient for clothing and incidental needs such as reading matter, purchase of small gifts, toiletries and occasional foods not provided by the facility, etc. For all institutionalized individuals who are eligible for Medicaid (including blind or disabled children), at least $25 of personal income must be protected for such needs. MAN § 4-40-30-A-1.

The Medical Assistance Manual in discussing the type of expense which is chargeable to the "personal needs" allowance lists totally different charges than co-payments for prescription drugs. This appeared to be no oversight. If a patient is totally dependent for income on the $25.00 monthly personal needs allowance, the patient in many cases will not have a sum for clothing and incidental needs of the type described in the Manual if the expense of prescription drugs is also subtracted from the $25.00 monthly sum.

Moreover, the Medical Assistance Manual at § 4-40-30 provides:

Institutionalized persons who are eligible for Medicaid are entitled to retain some of their available income for personal needs, as described below; the *remainder* is applied toward the cost of their medical care. (Emphasis added)

A subpart of this same section of the Manual further provides:

The amount of available income which an institutionalized person has above the amount protected for personal needs is to be applied toward expenses which he has incurred for necessary medical care in the following order:

First, for medical insurance premiums, co-payments and deductibles (including any cost-sharing liabilities which may be imposed on Medicaid recipients by the State. ..."

Co-payments are discussed in the Manual, but with a requirement that the patient contribute to such cost only from available income "above the amount protected for personal needs."

Some states operate their programs so that some recipients in nursing homes are allowed to retain and thus have available income above the amount specified for personal needs, but Alabama does not; therefore, in Alabama no amount may be applied toward co-payments.

The Department of Health and Human Services has filed a brief in this cause agreeing with the position of the plaintiffs that the "personal needs allowance" may not be invaded for co-payments for prescription drugs. Plaintiffs correctly argue that the interpretation of the U. S. Department of Health and Human Services of its own regulations is entitled to great weight and deference. In *Williams v. St. Clair*, 610 F.2d 1244, 1249 (5th Cir. 1980), the court stated:

In examining HHS's exercise of its statutory authority we are guided by the Supreme Court's instruction that "the construction of a statute by those charged with its creation should be followed unless there are compelling reasons that it is wrong."

Court precedent is also not lacking. In *Friedman v. Berger*, 547 F.2d 724 (2nd Cir. 1976), an attempt was made to stop the State of New York from invading a statutory $20.00 supplemental income amount, which amount was over and above the $25.00 personal needs allowance. In upholding the right of the State of New York to invade the $20.00 supplemental income allowance for medical care, the court contrasted the supplemental income provisions with the $25.00 personal needs allowance and stated that the latter could not be so invaded.

The court in *Friedman* quoted from the Senate Report No. 404, 89th Congress, 1st Sess. (1965):

The State may require the use of all the excess income of the individual toward his medical expenses, or some proportion of that amount. In no event, however, ... may a State require the use of in-

come or resources which would bring the individual's income below the amount established as the test of eligibility under the State plan. Such action would reduce the individual below the level determined by the State as necessary for his maintenance.

The Court finds that the personal needs allowance of $25.00 per month for the persons receiving Medicaid payments in Alabama may not be invaded for the co–payment of prescription drugs.

*Notice Challenge*

When plaintiffs filed their initial motion for a temporary restraining order on April 9, 1980, they complained that defendants had failed to follow the federal regulations which required a public notice before implementing Act No. 80–155. Defendants at that time contended that no public notice was required because implementing Act No. 80–155 fell within an exception to the public notice requirement. Subsequently, defendants conceded that they were required to give the public notice and they have done so.

Plaintiffs also contend that the individual notice to all Medicaid recipients which has been sent by defendants is inadequate, and fails to meet the requirements of federal regulations. Defendants, on the other hand, insist that no individual notice of a hearing is required. This Court is not compelled to resolve this dispute because defendants have agreed to amend the notice and as amended, recirculate it to all Medicaid recipients. A copy of the notice which is being circulated is attached hereto as EXHIBIT A. Plaintiffs have agreed that this notice meets their objections to the prior notice.

*Nominal in Amount Challenge*

Does Act No. 80–155 offend the federal regulations because the co–payment charges are not "nominal in amount"? 42 U.S.C. § 1396a(a)(14)(B) provides that any co–payments which are imposed by any state must be "nominal" in amount. Defendants and the Department of Health and Human Services maintain that a co–payment schedule under which the plaintiffs are required to pay no more than $.50 of the cost of a drug up to $10.99 or $3.00 of the cost of a drug which costs $51.00 or more, is nominal in amount. Plaintiffs contend, however, that the co–payment schedule is not "nominal" in Alabama because benefits to Alabama recipients are among the lowest of all Medicaid recipients in the country.

This Court rejects this challenge to Act No. 80–155. Federal law and/or regulations have prescribed the allowable co–payment schedule and have not seen fit to vary this schedule from state to state based on the average income of the recipients within each state. This Court will not attempt to do so.

As plaintiffs argued when attacking the State's right to invade the "personal needs" allowance, this Court must give great weight to the interpretation by the agency charged with administering the Act. As to plaintiffs' argument that the co–payment requirement of Act No. 80–155 is not nominal in amount, the federal agency charged with administering the Act is in disagreement. The Court agrees with the interpretation of the Department of Health and Human Services that the co–payment schedule imposed by Act No. 80–155 if not construed to allow invasion of the "personal needs" allowance does not offend any federal statute or regulation.

To summarize, this Court concludes (1) that Act No. 80–126 violates federal law and the preliminary injunction order issued by this Court on April 24, 1980 is made permanent; (2) that as to Act No. 80–155, the co–payment requirement for prescription drugs is in violation of federal regulations insofar as it seeks to invade the personal needs allowance of persons receiving Medicaid benefits in nursing homes, and defendants are permanently enjoined from imposing any co–payment for prescription drugs against the $25.00 personal needs allowance; (3) that with the exception noted with respect to the "personal needs allowance" for persons in nursing homes, all co–payments for drugs proposed for implementation by defendants are consistent with

applicable federal rules and regulations; and (4) that the notice which the defendants have agreed to send to all Medicaid recipients and which is attached hereto as EXHIBIT A is in compliance with applicable federal regulations.

A judgment and order will be entered in accordance with this opinion.

## EXHIBIT A

### SPECIAL RECIPIENT NOTICE

Beginning _____, 1980, your Medicaid benefits will be reduced because you will have to pay more than 50 cents for many prescription drugs you fill or refill that are paid for by Medicaid. You will have to pay the maximum co–payment allowed by federal regulations, *except for* drugs used for family planning purposes (birth control pills and other contraceptive aids), drugs prescribed for children under twenty–one after being examined through the Medicaid screening program (EPSDT), and drugs prescribed for those in nursing homes.

The co–payment for each drug will be either $.50, $1.00, $2.00 or $3.00, depending upon the cost of the drug. Your pharmacist has a payment schedule showing the amount of co–payment you will now have to pay for each drug.

This action is taken in accordance with Act No. 80–155 of the 1980 Regular Session of the Alabama Legislature.

In accordance with this legislative act, this increased drug payment will be automatically applied to all affected Medicaid recipients and no hearing is required if you merely want to contest the wisdom or validity of the state law. The agency is obligated to abide by this law. If, however, you feel that because of your particular situation, this change is being applied to you in error, then you would be entitled to a fair hearing. An example of a person who would be entitled to a hearing would be one who is being charged any co–payment for prescription drugs which are for children under twenty–one under the Medicaid screening program (EPSDT program).

A request for a hearing must be in writing and mailed to Medicaid at the above address.

If we receive a request for a fair hearing on or before _____, 1980, you will not have to make any increased co–payments until after you have had a hearing. If you believe you are entitled to a hearing, you have the right to be represented by any authorized representative such as an attorney, relative or friend, or you may represent yourself.

If you have any questions, contact Medical Services Administration at the above address.

## JUDGMENT AND ORDER

In accordance with the memorandum opinion entered herein this date, it is

ORDERED, ADJUDGED and DECREED that:

1. The preliminary injunction order issued by this Court on April 24, 1980 as to Act No. 80–126 of the 1980 Regular Session of the Alabama Legislature be, and is hereby made permanent, and the defendants, their agents, servants and employees be and the same are hereby permanently restrained and enjoined from implementing, enforcing and executing in any manner whatsoever Act No. 80–126.

2. As to Act No. 80–155 of the 1980 Regular Session of the Alabama Legislature, the defendants, their agents, servants and employees be, and they are hereby permanently restrained and enjoined from imposing the co–payment of said Act against the $25.00 personal needs allowance of persons referred to in 42 CFR § 435.725(b).

3. The personal needs allowance of $25.00 provided by defendants is the minimum amount required under applicable federal regulations, but may not be encroached upon for drug co–payments as to the class of Medicaid recipients described in Paragraph 2 above.

4. With the exception noted in Paragraph 2 above, all co–payments for drugs proposed for implementation by defendants

are consistent with applicable federal rules and regulations.

5. The Special Recipient Notice attached to the Memorandum Opinion of even date as Exhibit A complies with applicable federal regulations.

6. The costs of this proceeding are taxed against the defendants, for which execution may issue.